UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHERYL STEWART, RADHICA PARSARAM, RAFAEL CASTRO, ROGER WAGNER, MALCOLM CARRINGTON, VERNON WELLS, HAZEL CLARK, WAYNE DORSET, and MERVYN DYER,

                              Plaintiffs,

                   v.

LORING ESTATES LLC, LORING ESTATES HOMEOWNERS ASSOCIATION CORP., KONDAUR CAPTIAL CORPORATION, NORTH SHORE INVESTORS REALTY GROUP, LLC, PI-NC, LLC, 609 EMERALD STREET LLC, THOMAS KONTAGIANNIS, LORENZO DELUCA, and ALAN WEINREB,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-2283 (MKB)

---

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Cheryl Stewart, Radhica Parsaram, Rafael Castro, Roger Wagner, Malcolm Carrington, Vernon Wells, Hazel Clark, Wayne Dorset, and Mervyn Dyer, proceeding *pro se*, commenced the above-captioned action on April 18, 2018 against Defendants Loring Estates LLC, Loring Estates Homeowners Association Corp., Kondaur Capital Corporation, North Shore Investors Realty Group, LLC, PI-NC, LLC, 609 Emerald Street LLC, Thomas Kontagiannis, Lorenzo Deluca, and Alan Weinreb, alleging breach of contract and fraud in connection with the sale of residential properties located in Brooklyn, New York. (Compl. 1, Docket Entry No. 1.) Plaintiffs seek, *inter alia*, "a settlement in the value of their independent property prices or as an alternative, a quiet title to the property," and $1,600,000 in damages. (*Id.* at 9–10.) For the reasons discussed below, the Court dismisses the Complaint for lack of subject matter

jurisdiction and grants Plaintiffs leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

**I. Background**

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order. Plaintiffs allege that "a team consisting of [m]ortgage [b]ankers, [a]ppraisers, [t]itle [c]ompanies and [a]ttorneys" engaged in real estate fraud beginning May 7, 2006 and continuing to the present. (Compl. ¶ 23.) "The Plaintiff and the Defendant"[1] entered into contracts for the purchase of a finished home in Loring Estate, a new housing development,[2] along with a certificate of occupancy. (*Id.* ¶¶ 24–25.) Plaintiffs claim that Defendants failed to deliver the premises in a finished condition and failed to deliver a certificate of occupancy. (*Id.* ¶ 27.) Plaintiffs further allege that Defendants delivered unmarketable titles after the title company, Clearview Abstract, "issued fake title . . . ." (*Id.*) Finally, Plaintiffs allege that they "were coerced in to [sic] obtaining mortgages" from various lenders.[3] (*Id.* ¶ 28.)

Plaintiffs and all individual Defendants are residents of New York. (*Id.* ¶¶ 3–13, 20–22). Corporate Defendants — with the exception of Kondaur Capital Corporation — are all domestic corporations with principal places of business in New York. (*Id.* ¶¶ 14–19). Kondaur Capital

---

[1] The Complaint does not specify which Plaintiffs and which Defendants entered into contracts for the purchase of a finished home. Moreover, while the Complaint states that "a true and correct copy of each contract is attached to this complaint and [i]ncorporated by the reference[s] in it as Exhibit A," (Compl. ¶ 24), no contracts are attached to the pleadings.

[2] Although the Complaint does not specify the location of the housing development, based on Plaintiffs' listed addresses, the Court infers that it is located in Brooklyn, New York.

[3] According to the Complaint, the three lenders are Paragon Mortgage Bankers Corporation, Parkview Financial Center, Inc., and DLJ Mortgage Capital Inc. (Compl. ¶ 28.) While Plaintiffs appear to allege that Paragon Mortgage Bankers Corporation engaged in fraud, (*see id.* ¶ 31), the Complaint does not state the nature of the alleged misconduct, or whether the other two lenders engaged in any misconduct.

Corporation is "a foreign [c]orporation" with offices located in Orange, California. (Compl. ¶ 16.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction over Plaintiffs' claims

Federal courts are courts of limited jurisdiction and may not hear cases if they lack

subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see*

4

*also Bayerische Landesbank*, 692 F.3d at 48.

Plaintiffs invoke the Court's diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 1.) However, based on the allegations in the Complaint, it appears that all Plaintiffs and all but one Defendant are domiciled in New York. (*Id.* ¶¶ 3–22.) Complete diversity is therefore lacking and the Court is without diversity jurisdiction.

Moreover, while Plaintiffs do not assert that the Court has jurisdiction pursuant to the federal question statute, 28 U.S.C. § 1331, the Court concludes that it is also without such jurisdiction. As noted above, under the federal question statute, a court has "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under a federal question where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks and citation omitted).

Plaintiffs appear to allege claims for breach of contract and fraud, both state law claims that do not give rise to subject matter jurisdiction under 28 U.S.C. § 1331. *See JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*, No. 10-CV-00917, 2010 WL 5313547, at *3 (E.D.N.Y. Dec. 20, 2010) ("Plaintiff's claims are for breach of contract governed by state law, not federal law."); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015) ("While the substantive elements of common-law fraud that must be proven are a matter of state law, what must be pleaded and with what level of particularity are governed by Rules 9(b) and 12(b)(6)." (citations omitted)).

Accordingly, the Court dismisses the Complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). However, in light of Plaintiffs' *pro se* status, the Court grants Plaintiffs

leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order.

In order to invoke the Court's diversity jurisdiction, Plaintiffs must establish complete diversity of citizenship (meaning that no defendant can be a citizen of the same state as any plaintiff) and must set forth the amount in controversy in the amended complaint. *See, e.g., Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987))).

If Plaintiffs intend to invoke the Court's federal question jurisdiction, Plaintiffs must set forth sufficient factual content to allow the district court "to draw the reasonable inference" that each defendant named in the amended complaint is liable for the misconduct or harm caused to each Plaintiff named in the amended complaint, *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8, and that such conduct is in violation of a federal constitutional or statutory right.

All further proceedings shall be stayed for thirty (30) days. If Plaintiffs fail to file an amended complaint which establishes the Court's jurisdiction over this matter within the time allowed, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court grants

Plaintiffs leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

Although Plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 18, 2018
       Brooklyn, New York