# Thomas G. Sherwood, LLC
### ATTORNEYS AT LAW

THOMAS G. SHERWOOD
JAMES P. TRUITT III

AMY E. ABBANDONDELO
ROBYN M. FEARON
KRISTEN E. MUELLER

300 GARDEN CITY PLAZA, SUITE 222
GARDEN CITY, NEW YORK 11530
TGSHERWOOD@TGSHERWOOD.COM
T (516)408-7030
F (516)408-7032

June 11, 2019

**VIA ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
Chambers: N 626
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Parsaram, et al., v. Chicago Title Insurance Co., et al.,
                  Case No.: 1:18-cv-02283-MKB-SMG

Dear Judge Brodie:

        We represent Stewart Title Insurance Company ("Stewart") in connection with the referenced action (the "Action"). I write, pursuant to Your Honor's Individual Rule 3, to request permission to file a motion to dismiss on three grounds: (1) lack of personal jurisdiction over Stewart; (2) lack of subject matter jurisdiction; and (3) Plaintiffs' failure to bring the claims within the applicable limitations periods.

        Stewart has never been served with a summons and therefore the Court lacks personal jurisdiction over Stewart. Moreover, Stewart was not a named defendant in either Plaintiffs' original complaint (ECF Doc. No. 7) or their amended complaint e-filed on December 21, 2018 (ECF Doc. No. 17). The only summons issued in this Action (ECF Doc. No. 1-1) does not include Stewart as a party. Nonetheless, Plaintiffs have listed Stewart as a defendant in the captions of all documents they have filed since March 14, 2019. Indisputably, Stewart has not been served with a summons that includes Stewart as a defendant (none exists) and therefore the Court lacks personal jurisdiction over Stewart.

        Second, as Your Honor previously found when dismissing Plaintiffs' original complaint, this Court lacks diversity jurisdiction over this matter unless complete diversity exists between all Plaintiffs and all Defendants. Penn. Pub. Sch. Empl. Ret. Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111, 117-19 (2d Cir. 2014) ("'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants"

Honorable Margo K. Brodie	Page 2	June 11, 2019

is "an absolute, bright-line prerequisite to federal subject matter jurisdiction"). Here, Plaintiffs consist of at least 10 individuals—all of whom reside in New York. (ECF Doc. Nos. 17, 22, 29.) Plaintiffs named numerous defendants domiciled in New York, thereby destroying their contention that subject matter jurisdiction exists based on "complete diversity of citizenship" between the parties. (Am. Compl. ¶ 5, ECF Doc. No. 17.)

Finally, in addition to fatal jurisdictional issues, Stewart seeks to address the untimeliness of Plaintiffs' claims. The limitations periods for Plaintiffs' claims range from two to six years. N.Y. Civ. Prac. L. & R. § 213(2), (4), (8). Based on the allegations in this Action, those limitation periods began to run as early as 2006 and 2007 depending upon when the properties were purchased, or at the latest in 2010 when Plaintiffs learned about the alleged basis for their fraud claim through the lawsuit filed by DLJ Mortgage Capital, Inc. in the Supreme Court of the State of New York. (ECF Doc. No. 17, A.C. Compl. ¶ 18; ECF Doc. Nos. 23, 29.) Accordingly, Plaintiffs' claims became time-barred in 2016, at the latest.

Therefore, Stewart respectfully requests leave to move to dismiss based on the issues highlighted above. Alternatively, Stewart requests a pre-motion conference.

Mr. David J. Wolkenstein—counsel for the Chicago Title Insurance Company and the Fidelity Title Insurance Company— recently submitted a similar request to file a motion to dismiss in a pre-motion conference letter dated and e-filed on April 18, 2019. (ECF Doc. No. 39.) Mr. Wolkenstein proposed the following briefing schedule in his letter e-filed on May 6, 2019, which we propose joining subject to Your Honor's preference and calendar availability:

Deadline for Defendants to file a motion to dismiss: June 28, 2019;

Deadline for Plaintiffs' opposition, if any, to the motion: August 2, 2019;

Deadline for Defendants to file reply briefs, if any: August 19, 2019.

Thank you for your attention to this matter.

Respectfully,

/s/ James P. Truitt III
James P. Truitt III

cc:	All parties via ECF