UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHERYL STEWART, RADHICA PARSARAM,
RAFAEL CASTRO, ROGER WAGNER,
MALCOLM CARRINGTON, VERNON WELLS,
HAZEL CLARKE, WAYNE DORSET, and
MERVYN DYER,

       Plaintiffs,

  against

LORING ESTATES LLC, et al.,

       Defendants.
---------------------------------------------------------------X

Case No. 18-cv-2283-MKB-SMG

AFFIRMATION IN
SUPPORT OF
<u>MOTION TO DISMISS</u>

  KRISTEN E. MUELLER, an attorney duly admitted to practice before the United States District Court for the Eastern District of New York, affirms the following under penalty of perjury:

  1.  I am associated with THOMAS G. SHERWOOD, LLC, attorneys for STEWART TITLE INSURANCE COMPANY ("Stewart Title")—an interested party and purported defendant in this matter, as explained below. I am familiar with this action to the extent set forth below. I submit this affirmation in support of Stewart Title's motion to dismiss the Amended Complaint filed by Plaintiffs CHERYL STEWART, RADHICA PARSARAM, RAFAEL CASTRO, ROGER WAGNER, MALCOLM CARRINGTON, VERNON WELLS, HAZEL CLARKE, WAYNE DORSET, and MERVYN DYER (collectively, "Plaintiffs") on December 21, 2018.

  2.  On April 18, 2018, Plaintiffs filed their Initial Complaint in this matter against nine defendants: LORING ESTATES, LLC, LORING ESTATES HOME OWNERS ASSOCIATIONS CORPORATION, KONDAUR CAPITAL CORPORATION, NORTH

SHORE INVESTORS REALTY GROUP, LLC, PI-NC, LLC; 609 EMERALD STREET LLC, THOMAS KONTAGIANNIS, LORENZO DELUCA, and ALAN WIENREB.  That same day, the Clerk of this Court signed and sealed a summons directed to those nine defendants.  A copy of the Initial Complaint is annexed as Exhibit 1; a copy of the Summons is annexed as Exhibit 2.

3. One month later, on May 18, 2018, this Court issued an order dismissing the Initial Complaint for lack of subject matter jurisdiction, finding that neither diversity jurisdiction nor federal question jurisdiction existed.  However, this Court granted Plaintiffs leave to file an amended complaint within 30 days.  A copy of the May 18, 2018 Order is annexed as Exhibit 3.

4. On June 19, 2018, Plaintiffs sought an extension of time to amend their Initial Complaint.  Then, during July and September of 2018, Plaintiffs filed several additional motions seeking relief collateral to amending their complaint.  On October 25, 2018, this Court denied those motions but granted Plaintiffs leave to file an amended complaint within 60 days.  A copy of the ECF Docket Report showing all docket entries and filings in this matter to date is annexed as Exhibit 4; a copy of the October 25, 2018 Order is annexed as Exhibit 5.

5. On December 21, 2018, Plaintiffs filed a 577-page Amended Complaint naming approximately 57 new defendants and one new plaintiff in the body of the complaint.  A copy of the Amended Complaint is annexed as Exhibit 6.

6. In addition to purporting to join new parties, Plaintiffs amended the caption of this matter on their Amended Complaint but, notably, only listed 50 of the 57 new defendants named in the body of their Amended Complaint.  Their amended caption also reflects a new plaintiff and otherwise re-ordered the Plaintiffs' names from that in the original caption

(reflected in the Summons and Initial Complaint filed on April 18, 2018, as well as this Court's orders). (*Cf.* Exhibits 1-5, *with* Exhibit 6.)

       7.      Stewart Title was not one of the new defendants that Plaintiffs unilaterally added to their Amended Complaint. (Exhibit 6.) Indeed, Stewart Title is not named in the body or caption of the Amended Complaint where Plaintiffs explicitly identify each entity and individual named as a defendant. (*See* Exhibit 6 at Caption, at 20-35 ("Defendants," ¶¶ 1-66)). Plaintiffs, however, reference Stewart Title on three pages of the 577-page Amended Complaint, specifically where Plaintiffs allege that Plaintiff Dorset obtained title insurance from Search and Survey Title and Abstract Company, which is owned by Dorset's closing agent, Defendant Michael R. Toppin, Esq.:

      a.      In two separate sections of the Amended Complaint containing factual allegations related to Plaintiff Dorset's fraud claim, Plaintiffs allege that: "The Title documents bore the name of <u>Stewart Title Insurance Company</u>, but to date, despite the fact Stewart Title has been provided with the copies of the Policy and the Policy number <u>SS-1363K</u>, they are yet to confirm the validity of the said policy." (Errors and emphasis in original; Exhibit 6 at 64, 519.)

      b.      In another section of the Amended Complaint, Plaintiffs set forth allegations about Defendant Toppin's role and responsibility in the "massive fraud scheme" at the heart of Plaintiff's complaint. (Exhibit 6 at 79-81.) There, Plaintiffs allege that Toppin "made representations and assurances to at least one of the plaintiffs that he represented herein" and his company, Search and Survey Title and Abstract Company, "issued Title Insurances under Stewart Title Insurance bearing the Policy Nos.: SS-1451K, for the property known as 442 Amber Street, Brooklyn, NY11208 [*sic*]; SS1363K for the property known as 440 Amber Street,

3

Brooklyn, NY11208 [*sic*], belonging to the Wagners." (Exhibit 6 at 81.) However, the remainder of Plaintiffs' allegations that detail Plaintiff Wagner's purchases of 440 and 442 Amber Street, in multiple sections of the 577-page Amended Complaint, allege that Plaintiff Wagner obtained title insurance from Fidelity Title Insurance, **not** from Stewart Title. (Exhibit 6 at 437, 458, 530-535.)

8. Plaintiffs did not obtain leave of the Court to join Stewart Title or any other party as a defendant in this matter. Plaintiffs also did not obtain leave to amend the caption in this matter.

9. The Clerk of this Court did not issue a new or amended summons directed to any of the 57 new defendants named in the Amended Complaint . (*See* Exhibit 4.) And the Clerk did not issue a summons to Stewart Title regarding the Amended Complaint or any other pleading in this matter. (*See* Exhibit 4.)

10. Despite the lack of any summons directed to Stewart Title, a copy of the Amended Complaint was delivered to Stewart Title's office located at 60 East 42nd Street, New York, New York 10165, on March 15, 2019.

11. On June 14, 2019, Plaintiffs e-filed 17 affidavits of service regarding the delivery of the Amended Complaint to various individuals and entities, including an affidavit of Jonathan Brown averring that he "served a copy of Summons and Amended Complaint in the matter on Stewart Title Insurance Company by" delivering "a true copy thereof" on March 15, 2019 to Stewart Title's office located at 300 East 42nd Street, 12th floor, New York, New York 10017. A copy of Mr. Brown's Affidavit of Service is annexed as Exhibit 7.

12. Plaintiffs have continued to file various motions in this matter, including a motion to dispense with service of pleadings filed by Plaintiffs, and a motion for leave to amend

the caption of their Amended Complaint to add two of the original nine defendants (Defendant 609 Emerald Street LLC and Defendant PI-NC, LLC), whom Plaintiffs inadvertently left out of the amended caption. (*See* Exhibit 4 at ECF Doc. Nos. 22-23, 30.) Both 609 Emerald Street LLC and PI-NC, LLC were defendants named in the Initial Complaint and the Summons when Plaintiffs commenced this action on April 18, 2018. (Exhibits 1-2.)

13. No previous application has been made for the relief requested herein. Further, this motion is brought in good faith and is not frivolous.

WHEREFORE, for the foregoing reasons and the reasons set forth in the accompanying Memorandum of Law, I respectfully request that this Court issue an order under Federal Rules of Civil Procedure 4, 9, and 12: (a) finding that this Court lacks personal jurisdiction over Stewart Title based upon defective process and defective service of process; (b) dismissing this matter for lack of subject matter jurisdiction; (c) dismissing this matter for failure to state a claim upon which relief may be granted, including failure to comply with the applicable limitations periods; (d) finding that this matter should be dismissed with prejudice as to Stewart Title where the above errors can not be remedied by amending the complaint; and (e) such other and further relief that this Court may deem just and proper.

Dated:   Garden City, New York
         July 26, 2019

                                                                 /s/ Kristen E. Mueller
                                                                  KRISTEN E. MUELLER