UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHERYL STEWART, RADHICA PARSARAM,
RAFAEL CASTRO, ROGER WAGNER,                     Case No. 18-cv-2283-MKB-SMG
MALCOLM CARRINGTON, VERNON WELLS,
HAZEL CLARKE, WAYNE DORSET, and
MERVYN DYER,

                    Plaintiffs,

     against

LORING ESTATES LLC, et al.,

                    Defendants.
-------------------------------------------------------------X


## STEWART TITLE INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
## <u>MOTION FOR LEAVE TO AMEND CAPTION (ECF Doc. No. 88)</u>


                                    SHERWOOD & TRUITT LAW GROUP, LLC
                                    Attorneys for Stewart Title Insurance Company
                                    300 Garden City Plaza, Suite 222
                                    Garden City, New York 11530
                                    (516) 408-7030


Of counsel:
    Kristen E. Mueller

Pursuant to this Court's Order, entered November 14, 2019, Stewart Title Insurance Company ("Stewart Title"), an Interested Party in this matter, submits this Memorandum of Law in Opposition to the Motion for Leave to Amend Caption (ECF Doc. No. 88, "Motion No. 88") filed on November 6, 2019 by Plaintiffs.  As an initial aside, Stewart Title also hereby consents to Magistrate Judge Steven M. Gold's jurisdiction to decide those motions referred to him in this Court's November 14, 2019 Order.

Plaintiffs' Motion No. 88 should be denied by this Court for several reasons, the first of which is the fact that Plaintiffs filed this motion in blatant defiance of this Court's September 23, 2019 Order. The September 23rd Order was clear and unequivocal: "This Court further directs Plaintiffs to refrain from filing any additional motions until the Court has ruled on all motions currently before the Court. Ordered by Judge Margo K. Brodie on 9/23/2019." Yet, Plaintiffs filed Motion No. 88, which, as discussed below, is wholly meritless and frivolous in its blatant failure to present any new information or legal argument to the Court.

Furthermore, Plaintiffs' Motion No. 88 is largely identical to their Motion for Leave to Amend Caption (ECF Doc. No. 62, "Motion No. 62") filed on August 29, 2019. Accordingly, in the interest of conserving judicial resources, Stewart Title adopts by reference, as if fully set forth herein, all of the arguments made in its Affirmation and Memorandum of Law in Opposition to Plaintiffs' Motion No. 62, filed on September 30, 2019 (ECF Docs. Nos. 72, 72-4), as well as the arguments adopted therein by reference to Stewart Title's Motion to Dismiss and Supporting Documentation (ECF Docs. Nos. 80 to 80-15) filed on July 26, 2019. *See generally*, FRCP 10(d) (allowing adoption by reference amongst pleadings); FRCP 7(b)(2) (rules governing form of pleadings also apply to motions and other papers).

1

However, Plaintiffs' Motion No. 88 differs from Motion No. 62 in one major respect that requires a more detailed response. For the first time in their plethora of pleadings and motions in this one-and-one-half year old action, Plaintiffs ask the Court for permission to add Stewart Title as a defendant. (Motion No. 88, p. 2, ¶ 1.)

Specifically, Plaintiffs request in Motion No. 88 "to file an amended caption, as attached to this motion as Exhibit 'A,' and used herein; (1) in order that plaintiffs may restate, with particularity; the addition of Stewart Title Insurance Company as defendant in the instant matter; and (2) provision of the detailed complaints identifying Stewart and other title insurance company's [*sic*] culpability with respect to each of the plaintiffs herein." (Motion No. 88, p. 2, ¶ 1.) Yet, Plaintiffs fail to attach any exhibits to Motion No. 88 and fail to otherwise identify any legally cognizable claim it could assert against Stewart Title.

Indeed, Motion No. 88 fails to state even a barebone allegation against Stewart Title that would meet the threshold for permissive joinder under FRCP 20; and they continue to wholly ignore the FRCP's requirements of specificity and particularity repeatedly discussed in this Court's orders and motion papers that Stewart Title and named defendants previously filed.  FRCP 7(b)(1), 9(b). Indeed, Plaintiffs failed to include even "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).

Unsupported and speculative allegations cannot satisfy Plaintiffs' burden under Rule 20 of proving their supposed claim against Stewart Title arises out of the same transaction, occurrence, or series of transactions or occurrences as the existing claims in their Amended Complaint. FRCP 20(a)(2)(A). Plaintiffs do not actually allege a single act of wrong doing by Stewart Title. They do not make a single factual allegation that Stewart Title could investigate or frame a response. Even if some discernible allegation existed, Plaintiffs' existing claims involve

2

completely separate transactions with different purchasers, different sellers, different properties, different transaction dates, different title insurance companies, different title agents and abstract companies, etcetera. This cannot meet the requirements for joinder under Rule 20. *See e.g.*, *Abraham v. American Home Mortg. Serv'g, Inc.*, 947 F. Supp. 2d 222, 229-30 (E.D.N.Y. 2013) (denying motion for joinder under Rule 20(a) because "separate loan transactions by different lenders do not constitute a single transaction or occurrence and claims by plaintiffs who engaged in those separate transactions generally cannot be joined in a single action.")

In Motion No. 88, Plaintiffs also fail to cure the fatal jurisdictional and pleading deficiencies in their Amended Complaint (*see* Doc. Nos. 72 to 72-4, 80 to 80-15), and they fail to address the fact that joinder of Stewart Title "would cause prejudice, expense, and delay by opening up a 'Pandora's box' of discovery" and delay the final disposition of this one-and-one-half year old case. *Travelers Indemnity Co. of Conn. v. The Losco Grp., Inc.*, 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (quoting *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970)).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons and the reasons set forth in the documents adopted by reference herein, I respectfully request that this Court issue an order: (a) denying Plaintiffs' Motion for Leave to Amend Caption in its entirety; and (b) for such other and further relief that this Court may deem just and proper.

SHERWOOD & TRUITT LAW GROUP, LLC

By: /s/ Kristen E. Mueller
        Kristen E. Mueller
Attorneys for Stewart Title Insurance Company
300 Garden City Plaza, Suite 222
Garden City, New York 11530
(516) 408-7030

3