UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RADHICA PARSARAM, MALCOLM
CARRINGTON, RAFAEL CASTRO, CHERYL
STEWART, ROGER WAGNER, WAYNE
DORSET, HAZEL CLARKE, VERNON WELLS,
MERVYN DYER and FRED HARRY,

                      Plaintiffs,[1]

                      v.

CHICAGO TITLE INSURANCE COMPANY,
FIDELITY TITLE INSURANCE COMPANY,
HSBC BANK, USA, NATIONAL ASSOCIATION
AS TRUSTEE FOR THE HOLDERS OF THE
DEUTSCHE ALT-A SECURITIES, INC.,
MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2007-0A4, MORTGAGE ELECTRONIC
REGISTRATION SYSTEM (MERS) I, J.P.
MORGAN CHASE N.A., DEUTSCHE BANK
NATIONAL CORPORATION, SELECT
PORTFOLIO SERVICING, U.S. BANK, N.A.,
WASHINGTON TITLE INSURANCE
COMPANY, OPTION ONE MORTGAGE
CORPORATION, OPTION ONE MORTGAGE
CORPORATION, H&R BLOCK BANK, H&R
BLOCK BANK, FSB, GRP LOAN, LLC, LETOM
MANAGEMENT LLC., LA SALLE BANK N.A.,
U.S. BANK, N.A., KONDAUR CAPITAL
CORPORATION, UNITED GENERAL
INSURANCE COMPANY, UNITED STATES OF
AMERICA THROUGH THE INTERNAL
REVENUE SERVICE (IRS), NYC
DEPARTMENT OF BUILDINGS, NYC
DEPARTMENT OF TRANSPORTATION,
LORING ESTATES, TRIUMPH ABSTRACT,
LLC., LORING ESTATES HOME OWNERS
ASSOCIATION, FIRST NORTH AMERICAN
ABSTRACT AND SETTLEMENT CORP.,
STOUT STREET FUNDING LLC., HALIFAX

**ORDER**
18-CV-2283 (MKB) (SMG)

---

[1] Although not named in the caption of the Amended Complaint, George Wagner is named as a Plaintiff in the body of the Amended Complaint. (Am. Compl. 17, Docket Entry No. 17.)

GROUP, LLC., GRIFON-LORING, LLC.,
PARAGON MORTGAGE BANKERS CORP.,
PARKVIEW FINANCIAL CENTER, INC.,
NORTH SHORE INVESTORS REALTY GROUP
LLC, INDIVIDUALLY GREGORY HOLLAND,
TED DOUMAZIOS, THOMAS
KONTOGIANNIS, ANNETTE APERGIS,
GEORGIA KONTOGIANNIS, FRANCO
VITELLOZZI, CARMINE CUOMO, LORENZO
DELUCA, ALAN WEINREB, MARK GALLAN,
WILLIAM HARRIS, CHLOE KONTOGIANNIS,
ANTHONY FOCARILE, JOSEPH JEFFERIES,
EL, MICHAEL RICARDO, AGATHA LUKA,
STEPHEN MARTINI, JOHN T. MICHAEL,
TOPPIN, SANDY ABREU, ARIS FONTIS,
ELBIDO TAVARES, WILSON TAVARES,
CELESTINE MILLER and GEORGE PRIOS,

Defendants.[2]

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Cheryl Stewart, Radhica Parsaram, Rafael Castro, Roger Wagner, Malcolm Carrington, Vernon Wells, Hazel Clarke, Wayne Dorset, and Mervyn Dyer, proceeding *pro se*, commenced the above-captioned action on April 18, 2018, against Defendants Loring Estates LLC, Loring Estates Homeowners Association Corp., Kondaur Capital Corporation, North Shore Investors Realty Group, LLC, PI-NC, LLC, 609 Emerald Street LLC, Thomas Kontagiannis, Lorenzo Deluca, and Alan Weinreb. (Compl., Docket Entry No. 1.) By Memorandum and Order dated May 18, 2018 (the "May 2018 Order"), the Court dismissed the Complaint for lack of subject matter jurisdiction and granted Plaintiffs leave to file an amended complaint within thirty (30) days. (May 2018 Order, Docket Entry No. 7.) By Memorandum and Order dated

---

[2] The following additional Defendants are named in the body of the Amended Complaint: El Equity, LLC, Bank of America NA, Vak M8 Fund, LLC, Plaza Real Estate Holdings Inc., Karib Credit LLC, PI-NC LLC, 609 Emerald Street LLC, Delshah Capital, LLC, Gerald P. Dougal, Steve Brown, and Thomas Cusack. (*See* Am. Compl. 22–35.)

October 26, 2018 (the "October 2018 Order"), the Court granted Plaintiffs' request for additional time to file an amended complaint. (Oct. 2018 Order, Docket Entry No. 16.)

On December 21, 2018, Plaintiffs filed a 577-page Amended Complaint naming a number of additional Defendants, and two additional Plaintiffs. (Am. Compl., Docket Entry No. 17.) Plaintiffs assert federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*, and state law claims for breach of contract and fraud, in connection with the sale of residential properties located in Brooklyn, New York. (*See generally id.*)

Plaintiffs subsequently filed several motions to amend the caption and the Amended Complaint,[3] as well as a request for a preliminary injunction.[4] Alan Weinreb, Kondaur Capital Corporation, Chicago Title Insurance Company, Fidelity Title Insurance Company, Stewart Title Insurance Company ("Stewart Title"),[5] and 609 Emerald Street LLC moved to dismiss the Amended Complaint.[6] On November 14, 2019, the Court referred the motions to Magistrate Judge Steven M. Gold for a report and recommendation. (Second Order dated Nov. 14, 2019.)

---

[3] (Mot. for Leave to File Am. Compl., Docket Entry No. 22; Second Mot. for Leave to File Am. Compl., Docket Entry No. 29; Mot. for Leave to Amend Caption, Docket Entry No. 62; Mot. for Leave to Amend Compl., Docket Entry No. 68; Second Mot. for Leave to Amend Caption, Docket Entry No. 88.)

[4] (Mot. for Prelim. Inj., Docket Entry No. 38.)

[5] Plaintiffs did not name Stewart Title in the Complaint or the Amended Complaint, but apparently seek to add Stewart Title as a Defendant in the action. (*See* Mot. for Leave to File Am. Compl.) Stewart Title is listed as an "interested party" on the docket.

[6] (Mot. to Dismiss by Alan Weinreb, Docket Entry No. 24; Mot. to Dismiss by Kondaur Capital Corporation, Docket Entry No. 33; Mot. to Dismiss by Chicago Title Insurance Company, Fidelity Title Insurance Company, Docket Entry No. 57; Mot. to Dismiss by Stewart Title, Docket Entry No. 80; Mot. to Dismiss by 609 Emerald Street LLC, Docket Entry No. 83.)

By report and recommendation dated February 26, 2020, Judge Gold recommended that the Court (1) deny Plaintiffs' motions to amend the caption and/or Amended Complaint, as well as Plaintiffs' request for a preliminary injunction; (2) grant the motions to dismiss; (3) dismiss Plaintiffs' RICO claims with prejudice as to all Defendants "named and sought to be named" by Plaintiffs; and (4) dismiss Plaintiffs' state law claims without prejudice (the "R&R"). (R&R 5, Docket Entry No. 110.) Judge Gold further recommended that the Court decline to grant Plaintiffs leave to file a second amended complaint, and that the action be dismissed in its entirety. (*Id.*)

No party has objected to the R&R, and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P&C Food Markets, Inc.*, 313 F. 3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir. 1989) (per curiam))); *see also Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate

review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court (1) denies Plaintiffs' motions to amend the caption and the Amended Complaint and request for a preliminary injunction; (2) grants the motions to dismiss; (3) dismisses Plaintiffs' RICO claims with prejudice; (4) dismisses Plaintiffs' state law claims without prejudice; and (5) declines to grant Plaintiffs leave to file a second amended complaint. The Court dismisses this action and directs the Clerk of Court to close this case.

Dated: March 13, 2020
      Brooklyn, New York

                                      SO ORDERED:

                                        s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge